NOT FOR PUBLICATION

FILED

MAR 9 2023

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN COLLINS, | No.    22-55157 |
| Petitioner-Appellant, | D.C. No.<br>5:21-cv-00167-SB-MAR |
| v. | |
| WARDEN, United States Penitentiary - Victorville, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted March 7, 2023[**]
Pasadena, California

Before:  TASHIMA, HURWITZ, and BADE, Circuit Judges.

Brian Collins was arrested on federal robbery charges and, while those charges were pending, was convicted in the district court of attempted escape.  The robbery charges were dismissed without prejudice, and Collins began serving his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

federal escape sentence. Collins was then temporarily transferred to New York custody to face unrelated state charges. While Collins was in state custody, the government reinstated the federal robbery charges, Collins completed his federal escape sentence, and he was sentenced on the state charges. Two months after he began serving his state sentence, Collins was temporarily transferred back to federal custody to face the reinstated robbery charges. After his conviction on the robbery charges, the district court imposed a sentence to be served consecutively to the state sentence. 18 U.S.C. § 3584. Collins was returned to New York custody, where he served out his state sentence. He was then taken into federal custody to serve the robbery sentence.

Collins filed a 28 U.S.C. § 2241 habeas corpus petition seeking credit against the robbery sentence for the time he spent in New York custody after the robbery sentence was pronounced. The district court denied the petition. We have jurisdiction over Collins's timely appeal under 28 U.S.C. § 1291 and affirm.

1. For a federal sentence to commence, the government must have both physical custody and primary jurisdiction over a defendant. *See Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018); *see also* 18 U.S.C. § 3585(a). Although primary jurisdiction generally terminates upon the expiration of a federal sentence, *see Johnson*, 883 F.3d at 764–65, Collins argues that is not the case here because his

2

federal robbery charges were pending when his sentence on his federal attempted escape conviction expired.

But a sovereign may surrender its primary jurisdiction, *id.*, and the federal government did so here upon the completion of Collins's escape sentence. The government lodged a detainer in New York when it reindicted Collins on the federal robbery charges. The lodging of a detainer acknowledges another sovereign's primary jurisdiction. *See Johnson*, 883 F.3d at 766; *see also United States v. Mauro*, 436 U.S. 340, 358 (1978). Rather than execute on the lodged detainer, the government obtained physical custody of Collins to face the robbery charges pursuant to a writ of habeas corpus ad prosequendum two months after Collins began serving his state sentence. That writ also does not confer primary jurisdiction. *See Thomas v. Brewer*, 923 F.2d 1361, 1366–67 (9th Cir. 1991). And, when Collins was sentenced on the robbery charges, he was not placed in federal custody but instead was returned to New York, and the federal government lodged another detainer. Collins was thus under New York primary jurisdiction at the time he was sentenced for his federal robbery conviction.

2. Collins received credit against his escape sentence for the time between his arrest on that charge and the sentence's expiration, including the time he spent in New York custody awaiting disposition of the state charges. Collins also received presentence credit against the robbery sentence for the time between his arrest on

3

the robbery charges and the day before he was arrested on the escape charge.  He is

not entitled to further presentence credit.  *See* 18 U.S.C.§ 3585(b).

**AFFIRMED**.[1]

---

[1]     Collins's unopposed motion for judicial notice, Dkt. 26, is granted.